IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:22-CT-3215-FL

| | |
|---|---|
| ROBERT S. BALLARD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| DR. HOSSAIN IMAM and DR. A. SEN, ) | |
| ) | |
| Defendants. ) | |

This matter is before the court on plaintiff's motions for preliminary injunction (DE 18, 27), for court order directing defendants to step aside as plaintiff's treatment providers (DE 19), and to appoint counsel (DE 26).

The court begins with plaintiff's motion to appoint counsel. There is no constitutional right to counsel in civil cases, and courts should exercise their discretion to appoint counsel for pro se civil litigants "only in exceptional cases." Cook v. Bounds, 518 F.2d 779, 780 (4th Cir. 1975). The existence of exceptional circumstances justifying appointment of counsel depends upon "the type and complexity of the case, and the abilities of the individuals bringing it." Whisenant v. Yuam, 739 F.2d 160, 163 (4th Cir. 1984), abrogated on other grounds by Mallard v. U.S. Dist. Court for the S. Dist. of Iowa, 490 U.S. 296 (1989) (quoting Branch v. Cole, 686 F.2d 264, 265 (5th Cir. 1982)); see also Gordon v. Leeke, 574 F.2d 1147, 1153 (4th Cir. 1978) ("If it is apparent . . . that a pro se litigant has a colorable claim but lacks capacity to present it, the district court should appoint counsel to assist him."). Plaintiff has failed to demonstrate that exceptional

circumstances justify appointment of counsel. Accordingly, the motion to appoint counsel is denied.

Although not the model of clarity, plaintiff's motions for preliminary injunction appear to request medical records from defendants and for defendants to cease treating plaintiff. (First Mot. for Prelim. Inj. (DE 18) at 2; Mem. in Supp. Of Second Mot. for Prelim. Inj. (DE 27-1) at 7). In order to obtain preliminary injunctive relief, plaintiff must establish: 1) that he is likely to succeed on the merits; 2) that he is likely to suffer irreparable harm in the absence of preliminary relief; 3) that the balance of equities tips in his favor; and 4) that an injunction is in the public interest. Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 20 (2008). Injunctive relief is an "extraordinary remedy" and to obtain it, plaintiff must satisfy each of the four factors. Real Truth About Obama, Inc. v. Fed. Election Comm'n, 575 F.3d 342, 346 (2009), vacated 559 U.S. 1089, reinstated in pertinent part 607 F.3d 355 (2010). In addition, "[m]andatory preliminary injunctive relief in any circumstance is disfavored, and warranted only in the most extraordinary circumstances." Taylor v. Freeman, 34 F.3d 266, 270 n.2 (4th Cir. 1994); see also Wetzel v. Edwards, 635 F.2d 283, 286 (4th Cir. 1980).

Plaintiff has not established the foregoing elements in either motion. In support of the instant action's likelihood of success on the merits, plaintiff merely makes the conclusory argument that the denial of his pain medication and refusal to follow orders of other medical treatment providers is unconstitutional. (First Mot. for Prelim. Inj. (DE 18) at 3; Mem. in Supp. Of Second Mot. for Prelim. Inj. (DE 27-1) at 9). Such an unsupported assertion is insufficient to establish likelihood of success. Additionally, the public interest does not support court intervention at this stage of the proceedings. See Florence v. Board of Chosen Freeholders of

Cty. of Burlington, 566 U.S. 318, 328 (2012); Taylor, 34 F.3d at 268 ("It is well established that absent the most extraordinary circumstances, federal courts are not to immerse themselves in the management of state prisons."). Accordingly, the motions for preliminary injunction and request for hearing thereon are denied.[1]

Lastly, the court considers plaintiff's motion for court order directing defendants to step aside as plaintiff's treatment providers. Plaintiff argues defendants have a conflict of interest in treating him due to the instant action filed against them. (Mot. to Remove Doctors (D.E. 19) at 1). Plaintiff seeks the following: 1) "defendant[s] withdraw [from] any and all concerns with medical treatment of plaintiff and [an] order that whatever doctor is assigned to plaintiff should have free decision making of his/her own accord to medical treatment and that both defendants stay out of all decision making"; 2) "whatever doctor assigned to plaintiff send a letter to Rex Pain Management stating they will honor all prescriptions, including narcotic medications"; 3) "expert witness be appointed to review all of plaintiff's medical records and issue a medical report to this court for what treatment plaintiff is being denied and what treatment plaintiff should be receiving"; and 4) "the [Department] of Public Safety provide such treatment or . . . release plaintiff as a[n] early medical release so plaintiff can get medical treatment needed." (Id. at 3–4). The court construes this motion as a motion for temporary restraining order or preliminary injunction.

Plaintiff has not established the necessary elements for a temporary restraining order or preliminary injunctive relief. See Winter, 555 U.S. at 20 (2008). Plaintiff has not made a clear showing that he is likely to succeed on the merits of his claims and public interest does not support

---

[1] To the extent plaintiff seeks discovery of his medical records, such a motion is denied as premature where the court has not entered a case management order governing discovery in this action. Moreover, discovery requests must be served on defendants and not filed as a motion on the court's docket. Fed. R. Civ. P. 34(a).

intervention. See Florence, 566 U.S. at 328; Taylor, 34 F.3d at 268. Accordingly, plaintiff's motion for court order directing defendants to step aside as plaintiff's treatment providers, construed as a motion for temporary restraining order or preliminary injunction, is denied.

## CONCLUSION

Based on the foregoing, plaintiff's motions for preliminary injunction (DE 18, 27), for court order directing defendants to step aside as plaintiff's treatment providers (DE 19), and to appoint counsel (DE 26) are DENIED.

SO ORDERED, this the 30th day of January, 2023.

LOUISE W. FLANAGAN
United States District Judge